remote districts, with whom the bankrupt may at some time have had dealings, trusting to the defendant's willingness to pay a considerable amount in the way of compromise rather than be subjected to the expense and vexations of a protracted law suit at a distance and in a place where he may be a stranger and unknown, and in which, if he proved successful, he would necessarily incur large expenditures which are not recompensed in any taxation of costs. In some instances the defendant might be arrested by the marshal of the district where he resides and thrown into prison, and there detained a long time to await the result of a controversy in a distant district, and to which he was debarred from giving his personal attendance by reason of his imprisonment. The whole proceeding in the exercise of such a jurisdiction would be attended with difficulties, which as Judge Washington in the case before cited says, "nothing but an act of congress can remove." I hold in the language of Mr. Justice Story, that this limitation of the jurisdiction of the court "is founded on principles of public law, public convenience, and immutable justice;" and I trust the day may never come when any such baneful authority will be conferred on this or any other court.

No decision has been cited sustaining the position of the complainant, and the opinion of Benedict, J., in Re Hirsch [Case No. 6,529], is apparently against it. In Markson v. Heaney [Id. 9.098], Dillon, J., alludes to the point, but refrains from giving any opinion upon it.

The bill sets forth that the fraudulent preference obtained by respondent was by means of a judgment recovered by him against the bankrupt, before the supreme court of the state, and which was paid within four months of the commencement of bankruptcy proceedings. Service of the subpœna in the present suit was made on the attorney who acted for the defendant in obtaining this judgment, and it is argued that the defendant, having resorted to and availed himself of the courts in Maine to obtain this fraudulent judgment, continues subject to the authority of the courts in this state including the district court in bankruptcy, and cannot withdraw from the state with the fruits of his judgment without remaining amenable to the courts in any ulterior proceedings arising from his original suit.

The complainant through his learned counsel relies on Marco v. Low, 55 Me. 549, in which it was decided that the supreme court of Maine could, as a court of equity, enjoin the respondent from further prosecuting in that court, as a court of law, a writ of entry in favor of the respondent against the complainant, notwithstanding the respondent may not have resided or personally been within the state since the commencement of the bill. With that decision I entirely concur, and the principle on which it rests has been repeatedly sustained by the federal courts.

In Freeman v. Howe, 24 How. [65 U. S.] 460, it is stated in the opinion of the court, "The principle is, that a bill filed on the equity side of the court to restrain or regulate judgment or suits at law in the same court, and thereby prevent injustice or an inequitable advantage under mesne or final process, is not an original suit, but auxiliary and dependent, supplementary merely to the original suit out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties." So Judge Story, in Dunlap v. Stetson [Case No. 4,164], says: "Such suits are not original, and are properly sustainable in that court which gave the original judgment and has it completely under its control."

This jurisdiction attaches only to the court in which the original suit is, or was pending, and the present is the first attempt, so far as this court is advised, to claim that a citizen of another state, who has recovered in a state court an inequitable judgment, thereby conferred on the federal courts, in the district in which the judgment was recovered, jurisdiction over him with authority to sustain a bill in equity against him in behalf of the defendant in the original suit, although not found in the district, and afford such redress as equity and good conscience might ordinarily require, if the original suit had been instituted in the federal court instead of the state court.

Bill dismissed.

PAINE (FOX v.).　See Case No. 5,014.

## Case No. 10,675.

### PAINE v. The NEPTUNE.

[The case reported under above title in 5 N. Y. Leg. Obs. 293, is the same as Case No. 10,120.]

PAINE (RUDD v.).　See Case No. 12,108.

PAINE (SIMON v.).　See Case No. 12,873.

## Case No. 10,676.

### PAINE et al. v. WRIGHT et al.

[6 McLean, 395.] [1]

Circuit Court, D. Indiana.　May Term, 1855.

JURISDICTION—CITIZENSHIP — RELIEF AGAINST ILLEGAL TAXATION — FOLLOWING STATE DECISIONS—TAX ON RAILROAD PROFITS.

1. Where a portion of the stockholders are citizens of other states. they may seek relief in the circuit court against an illegal taxation of their property by a state, although there be no allegation that the tax is in violation of the constitution or laws of the United States. And in such case, the corporation doing its business in the

[1] [Reported by Hon. John McLean, Circuit Justice.]